

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-17-00150-CR

_____

### FABIAN PANCHO TANKESLY, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,279-B; Honorable John B. Board, Presiding

December 4, 2017

## ORDER DIRECTING COUNSEL TO PROVIDE
## APPELLATE RECORD IN ANDERS APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain, Appellant, Fabian Pancho Tankesly, was convicted of theft of service in an amount greater than $1,500 but less than $20,000,[1] enhanced to a third degree felony by two prior state jail felony convictions.[2]  He was sentenced to ten

---

[1] Act of May 10, 2011, 82nd Leg., R.S., ch. 141, § 1, 2011 Tex. Gen. Laws 674, *amended by* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 11, 2015 Tex. Gen. Laws 4214 (current version at TEX. PENAL CODE ANN. § 31.04(e)(4)).

[2] TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2017).

years imprisonment, suspended in favor of eight years community supervision, and assessed a $1,500 fine. The trial court later revoked Appellant's community supervision, upon a motion from the State, and imposed the original sentence of ten years imprisonment. Appellant appeals the judgment revoking his community supervision.

On October 27, 2017, Appellant's court-appointed counsel filed a motion to withdraw, supported by a brief filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), wherein counsel represented that Appellant's appeal was frivolous. Counsel provided a copy of the motion to withdraw and *Anders* brief to Appellant and advised him of his right to file a *pro se* response. Counsel also advised Appellant of his right to personally review the appellate record in order to determine whether to file a response and provided him a form motion for access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant's *pro se* response to the *Anders* brief is due on December 4, 2017.

Now pending before this court are Appellant's motion for appointment of new appellate counsel, *Pro Se Motion for Access to Appellate Record* requesting that this court order the district clerk to provide Appellant a copy of the appellate record, and *Pro Se Motion for Extension of Time to File Brief.* The motions were filed on November 15, 2017.

In his first motion, Appellant claims he received ineffective appellate counsel and requests that we appoint him new counsel. This court is without authority, however, to appoint or replace counsel to represent indigent defendants in criminal proceedings as that authority is exclusively vested in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(c), (k) (West Supp. 2017). Furthermore, although Appellant's counsel has filed a

2

motion to withdraw with this court, that motion has not been granted and he remains Appellant's counsel until such time as the court rules on the motion. *See In re Schulman*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008). Accordingly, Appellant's motion for appointment of new counsel is denied.

Appellant's *Pro Se Motion for Access to Appellate Record* is also denied. Instead, consistent with our previous orders, we order Appellant's counsel to prepare and deliver to Appellant, by whatever means reasonable and necessary, a readily accessible copy of the appellate record on or before December 15, 2017. *See Weatherly v. State,* No. 07-16-00189-CR, 2016 Tex. App. LEXIS 13406, at *2-3 (Tex. App.—Amarillo Dec. 15, 2016, order) (per curiam) (not designated for publication) (reciting this court's prior orders doing same). Because Appellant is indigent, any cost associated with providing an accessible appellate record should be submitted to the trial court for payment. Counsel is further directed to certify to this court, in writing, on or before that date, that he has complied with this order.

Finally, Appellant's *Pro Se Motion for Extension of Time to File Brief* is granted. Appellant's *pro se* response, should he desire to file one, is due on or before February 16, 2018.

It is so ordered.

Per Curiam

Do not publish.

3